# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-1032V
Filed: July 5, 2016
Not to be Published

*************************************
| | |
|---|---|
| HANNAH BAIONA, | * |
| | * |
| Petitioner, | *  Petitioner's motion for |
| | *  judgment on record granted; |
| v. | *  Gardasil; flu vaccine; chronic |
| | *  pain; abdominal pain; sacroiliitis, |
| SECRETARY OF HEALTH | *  migraine headaches; fibromyalgia; |
| AND HUMAN SERVICES, | *  costochondritis; significant aggravation |
| | * |
| Respondent. | * |
| | * |

*************************************

Elaine Whitfield Sharp, Marblehead, MA, for petitioner.
Camille M. Collett, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On March 24, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that Gardasil ("human papillomavirus vaccine" or "HPV") and influenza ("flu") vaccines administered on October 25, 2011 caused her chronic pain, abdominal pain, sacroiliitis, migraine headaches, fibromyalgia, and costochondritis or, in the alternative, significantly aggravated her symptoms. Pet. ¶¶ 3, 7, and under the category "Causation in Fact" (although all of the allegations are causation in fact since there are no Table injuries post-HPV or flu vaccination) at ¶ 4. Petitioner's pre-vaccination history includes nodular sclerosing Hodgkin's lymphoma of the head and neck, allergic rhinitis, and sinusitis.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

Pet. ¶ 2.

The onset of petitioner's fibromyalgia was four to five months after her HPV and flu vaccinations. Med. recs. Ex. 1, at 3.

During a status conference held on October 16, 2015, petitioner's counsel said she was consulting with Dr. Leonard Warden, Dr. Lawrence Steinman, and Dr. Paul Utz.

During a status conference held on January 15, 2016, petitioner's counsel said she was trying to obtain an expert report from Dr. M. Eric Gershwin, a rheumatologist/immunologist.

During a status conference held on April 27, 2016, petitioner's counsel said that Dr. Gershwin told her he could not support petitioner's allegations.

On July 1, 2016, petitioner filed a Motion for Judgment on the Record, stating "the report of Dr. Gershwin does not support causation." Pet'r's Mot. at ¶ 2.

The undersigned **GRANTS** petitioner's Motion for Judgment on the Record and **DISMISSES** the petition for failure to make a prima facie case of causation in fact.

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for her Gardasil or flu vaccination, she would not have had chronic pain, abdominal pain, sacroiliitis, migraine headaches, fibromyalgia, and costochondritis, but also that her Gardasil or flu vaccination was a substantial factor in causing

2

her chronic pain, abdominal pain, sacroiliitis, migraine headaches, fibromyalgia, and costochondritis. Shyface v. Sec'y of HHS 165 F.3d 1344, 1352 (Fed. Cir. 1999).

Moreover, there is no proof in the medical records that Gardasil or flu vaccination significantly aggravated any pre-vaccination illness petitioner had. 42 U.S.C. § 300aa-33(4):

> The term "significant aggravation" means any change for the worse in a preexisting condition which results in markedly greater disability, pain, or illness accompanied by substantial deterioration of health.

The Vaccine Act does not permit the undersigned to rule for petitioner based on "the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). In the instant action, petitioner, although given an ample opportunity to do so, did not file a medical expert report, and her medical records do not substantiate her allegations. The experts from whom she requested support could not support her case.

The undersigned **GRANTS** petitioner's Motion for Judgment on the Record and **DISMISSES** this case for petitioner's failure to make a prima facie case under the Vaccine Act.

## CONCLUSION

This petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: July 5, 2016　　　　　　　　　　　　　　　　　　　　s/ Laura D. Millman
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Laura D. Millman
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either jointly or separately, filing a notice renouncing the right to seek review.